IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**RICHIE COLE,**

**Defendant.**                                                                 **No. 07-cr-30062-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

This matter comes before the Court on Defendant Richie Cole's motion to dismiss indictment (Doc. 23) and supplemental motion to dismiss indictment (Doc. 25).[1] Obviously, the Government opposes the motion (Doc. 26). Based on the pleadings, the applicable case law and the following, the Court **GRANTS** Defendant's motion.

On April 20, 2007, the grand jury indicted Richie Cole with failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) (Doc. 1). Specifically, the Indictment alleges:

> From on or about December 15, 2006 through on or about January 31, 2007, in St. Clair County and Johnson Counties, within the Southern District of Illinois, and elsewhere, **RICHIE COLE**, defendant herein, a person required to register under the Sex Offender Registration and

---

[1] The Court treats the original motion to dismiss and the supplemental motion to dismiss as one pending motion to dismiss. The Government in its response treated the pleadings as one.

Notification Act, traveled in interstate commerce and did knowingly fail to register, in violation of Title 18, United States Code, Section 2250(a).

(Doc. 1). On June 11, 2007, Cole, represented by the Federal Public Defender, was arraigned and plead not guilty to the charge contained in the Indictment (Docs. 10 & 11). That same day, the Government filed a motion to detain (Doc. 9) and Cole entered a waiver of detention hearing and a waiver of right under interstate agreement on detainers (Docs. 14 & 15, respectively). On June 11, 2007, Magistrate Judge Donald G. Wilkerson entered an Order granting the motion to detain (Doc. 17).

On August 1, 2007, Cole filed a motion to dismiss indictment (Doc. 23) and on August 8, 2007 a supplemental motion to dismiss indictment (Doc. 25). Specifically, Cole moves the Court to dismiss the indictment arguing: (1) the Sex Offender and Registration Notification Act ("SORNA") failed to give him adequate notice; (2) the Indictment fails to allege all of the elements of the charged offense; (3) SORNA improperly delegates legislative powers to the executive branch by directing the Attorney General to decide whether and how a sex offender with a conviction pre-dating SORNA will be subject to its requirements; (4) that the regulations in SORNA impermissibly infringe upon his constitutional right to travel; and (5) whether SORNA applies to Cole when he traveled in interstate commerce and failed to register during the period of time between SORNA's enactment and the Attorney General's interim rule. On August 13, 2007, the Government filed its response opposing the motion. The Government makes clear that the facts are simple and clearly stated in

the indictment as aforementioned.  The Court now turns to address the motion.

## II. Statutory and Regulatory Background

On July 26, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 and SORNA.  Pursuant to SORNA, a sex offender who is required to register under the Act and who travels in interstate commerce may be imprisoned for not more than ten years if such person knowingly fails to register or update his or her registration as required by the Act.  **18 U.S.C. § 2250(a)**.[2]  The registration requirements for SORNA are set forth in 42 U.S.C. § 16913.  For offenders such as the defendant who are convicted prior to SORNA's enactment and are unable to comply with the initial registration requirements, Congress provided in § 16913(d):

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 26, 2006, or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

**42 U.S.C. § 16913(d)**. In addition, for notifying sex offenders with prior convictions of their obligations under SORNA, Congress provided that "[t]he Attorney General

---

[2]Section 2250 provides:
(a) In general.-Whoever-
(1) is required to register under the Sex Offender Registration and Notification Act;
(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years or both. **18 U.S.C. § 2250(a)**.

shall prescribe rules for the notification of sex offenders who cannot be registered in accordance with subsection (a) of this section." **42 U.S.C. § 16917(b)**.[3]

The Attorney General published the Interim Rule on February 28, 2007 making SORNA applicable to Cole. Specifically, in 28 C.F.R. § 72.3, the Attorney General stated that SORNA's requirements "apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of the Act." **28 C.F.R. § 72.3**. In the Supplementary Information of the Rule, the Attorney General explained that this Rule makes "it indisputably clear that SORNA applies to all sex offenders (as the Act defines that term) regardless of when they were convicted" and it forecloses all claims that it does not apply to them "because a ruling confirming SORNA's applicability has not been issued." **72 Fed.Reg. 39, 8894, 8896 (Feb. 28, 2007)(to be codified at 28 C.F.R. pt. 72)**.

### III. Analysis

Article I, Section 9, clause 3 of the United States Constitution provides that "[n]o Bill of Attainder or ex post facto Law shall be passed." **U.S. Const., art. I, § 9, cl. 3**. In *Weaver v. Graham*, **450 U.S. 24 (1981)**, the United States

---

[3]Section 16917(a) states:
(a) In general
An appropriate official shall, shortly before release of the sex offender from custody, or, if the sex offender is not in custody, immediately after the sentencing of the sex offender, for the offense giving rise to the duty to register-
(1) inform the sex offender of the duties of a sex offender under this title and explain those duties;
(2) require the sex offender to read and sign a form stating that the duty to register has been explained and that the sex offender understands the registration requirement; and
(3) ensure that the sex offender is registered.
**42 U.S.C. § 16917(a)**.

Supreme Court explained that *ex post facto* prohibits Congress from enacting a law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." **450 U.S. at 28 (internal quotation marks and citation omitted)**. In deciding whether a statute violates *ex post facto*, two factors must be present: "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." ***Id*. at 29 (footnotes and citations omitted)**. The Supreme Court further stated:

> Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense.

***Id*. at 30-31 (footnote omitted)**.

        Cole argues that the Court should dismiss the indictment against him because SORNA as it applies to him violates the *ex post facto* doctrine. The Government responds that the plain language of SORNA requires an offender to register, without regard to any construction of the statute by the Attorney General. It contends that the delegation provision of SORNA refers to persons who, prior to the enactment of SORNA's revised standards were not required to register by their state's registration law. For the following reasons, the Court agrees with Cole.

        Cole was convicted of a sex offense before the enactment of SORNA (July

27, 2006).[4] Cole traveled after SORNA's enactment (December 15, 2006 to January 31, 2007), but before the Attorney General issued the interim regulation (February 28, 2007). The Attorney General had issued the interim rule before Cole was indicted (April 20, 2007), but after he traveled.

Here, the Court is persuaded by the reasoning utilized by District Judge Catherine D. Perry in **United States v. Muzio, 2007 WL 2159462 (E.D. Mo. July 26, 2007)** and finds that the same reasoning applies to Cole and the circumstances of this case. Specifically, Judge Perry found:

> "the question remains whether the act can now be applied to prosecute Muzio even though it did not apply at the time of his alleged crime of travel and failure to register. As discussed above, SORNA did apply to Muzio at the time of the indictment on March 15, 2007, because by then the Attorney General had issued the rule. I conclude that Muzio's "gap" situation presents a classic Ex Post Facto Clause violation, although I agree with the government that there is no constitutional problem with prosecuting persons other than those who traveled and failed to register during the gap. In other words, because the criminal act is the traveling and failing to register, the law cannot constitutionally be applied to Muzio, because those things were not crimes covered by the act when he did them. This does not mean that the act is unconstitutional applied to all sex offenders convicted before the date of the act- it is only unconstitutional when applied to those previously-convicted persons who traveled before the Attorney General's rule.

**Muzio, 2007 WL 2159462 at *5**. The facts of this case clearly parallel the facts of **Muzio**. Thus, this Court too finds that although Cole's travel occurred after the enactment date of the statute, SORNA is still being unconstitutionally applied to him

---

[4] Cole admits in his pleadings that his prior conviction for aggravated sexual abuse in Clinton County, Illinois #02-CF-195 qualifies as a "sex offense" for the purposes of the Adam Walsh Act and its SORNA requirements. (Doc. 24, p. 3).

because SORNA did not apply to Cole at the time he traveled and failed to register, and its application disadvantages him.[5]  This is not to say that had Cole traveled interstate after February 28, 2007, without first registering as required by the act, he would find the same result, he would not.  It is only because the Defendant's omission to register, coupled with his interstate travel occurred prior to the enactment of the Attorney General's regulations that he enjoys relief.  Because the Court finds that SORNA would violate the *ex post facto clause* if applied to Cole, it need address the remaining arguments.

### IV.  Conclusion

Accordingly, the Court **GRANTS** Defendant's motion to dismiss (Docs. 23 & 25).  The indictment is dismissed with prejudice.

**IT IS SO ORDERED.**

Signed this 17th day of September, 2007.

/s/     DavidRHerndon
**United States District Judge**

---

[5]The Court is aware that various district courts have ruled that SORNA is not an *ex post facto* law.  See ***United States v. Mason*, 2007 WL 1521515 (M.D. Fla. May 22, 2007); *United States v. Hinen*, 2007 WL 1447853 (W.D. Va. May 12, 2007); *United States v. Markel*, 2007 WL 1100416 (W.D. Ark. April 11, 2007); *United States v. Manning*, 2007 WL 624037 (W.D. Ark. February 23, 2007); *United States v. Templeton*, 2007 WL 445481 (W.D. Okla. February 7, 2007); *United States v. Madera*, 474 F.Supp.2d 1257 (M.D. Fla. 2007)**.